IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00063-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JUAN JOSE SOLIS-HINOJOSA,

       Defendant.

---

**DEFENDANT'S REQUEST FOR A VARIANT SENTENCE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW the Defendant, Juan Jose Solis-Hinojosa, by and through his attorney of record, Assistant Federal Public Defender Matthew K. Belcher, and hereby requests a sentence of 12 months and 1 day to be followed by an additional three years of supervision. In support thereof, Mr. Solis-Hinojosa would show as follows:

    **I.**    **Cultural Assimilation:**

    Pursuant to U.S.S.G. § 2L1.2, application note 8, a sentencing court may grant a downward departure from the advisory Guidelines when presented with facts that show: (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood; (B) those cultural ties provided the primary motivation for the defendant's illegal reentry; and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant. In determining whether such a departure is appropriate, the Court should consider the following seven factors:

(1)   the age in childhood at which the defendant began residing continuously in the United States;

(2)   whether and for how long the defendant attended school in the United States;

(3)   the duration of the defendant's continued residence in the United States;

(4)   the duration of the defendant's presence outside the United States;

(5)   the nature and extent of the defendant's familial and cultural ties inside and outside of the United States;

(6)   the seriousness of the defendant's criminal history; and

(7)   whether the defendant engaged in additional criminal activity after illegally reentering the United States.

Mr. Solis-Hinojosa's father left his family to come to the United States to work when Mr. Solis-Hinojosa was just four years old. When his father left, Mr. Solis-Hinojosa began to reside with his maternal grandfather who was a severe alcoholic and, when intoxicated, would physically assault Mr. Solis-Hinojosa. These physical assaults continued until finally, at the age of 16, Mr. Solis-Hinojosa's mother took him and his siblings to the United States to reunite with their father. From age 16 on, Mr. Solis-Hinojosa has primarily resided in the United States, along with all of his immediate family. During these 35 years, Mr. Solis-Hinojosa has worked and created even further ties to the United States through various marriages and children who were born of those marriages. These substantial ties are what continue to lure Mr. Solis-Hinojosa back to the United States.

Additionally, Mr. Solis-Hinojosa's criminal history is not as aggravated as the length would otherwise suggest. Mr. Solis-Hinojosa has only one prior non-immigration related felony conviction which occurred 17 plus years ago, resulted in probation that he successfully completed, and has never been repeated since. Furthermore, it appears that a majority of his additional convictions subsequent to his only non-immigration related felony offense stem from driving

offenses. In fact, of the current eight criminal history points Mr. Solis-Hinojosa has accrued, five of those involve driving without a valid license.

In addition to his criminal history category being inflated by driving offenses, Mr. Solis-Hinojosa's offense level has been similarly inflated by the treatment of a misdemeanor driving offense as a felony conviction by the Guidelines. Absent this inflation, Mr. Solis-Hinojosa's offense level and criminal history would be substantially lower than that being advanced in the Presentence Report. Furthermore, there is no indication that any of the driving offenses Mr. Solis-Hinojosa accrued over the past 14 years have had any aggravating conduct, such as reckless driving, driving under the influence, or other similar conduct that would present a safety risk to the general public. To the contrary, they appear to be related to his loss of his license in 2005 subsequent to a DUI conviction and his inability to get his driving privileges reinstated.

Furthermore, upon Mr. Solis-Hinojosa's most recent return to the United States, he has not been convicted of any additional criminal offenses aside from driving without a license. But, again, these offenses do not appear to involve any additional aggravating conduct that would suggest Mr. Solis-Hinojosa's driving without a license put the general public at any risk. To the contrary, it appears that over the past 14 years, Mr. Solis-Hinojosa's illegal returns to the United States found him reuniting with his family, working, and supporting his family. The most recent return found him residing with his daughter and helping her raise his grandson, whose father appears to have abdicated any responsibility to his child.

In short, Mr. Solis-Hinojosa has formed very strong familial ties within the United States since first arriving here at the age of sixteen. For the next 35 years, Mr. Solis-Hinojosa primarily resided within the United States, worked, and maintained a strong relationship with his immediate family, all of whom reside in the United States. While admittedly Mr. Solis-Hinojosa does have

a lengthy criminal history, the most recent criminal history over the past fourteen years is not of a nature that would support an argument that his unlawful presence in the United States is likely to increase the risk to the public. As such, Mr. Solis-Hinojosa would request that the Court depart based on his cultural assimilation.

In the alternative, Mr. Solis-Hinojosa's personal history and characteristics, coupled with the nature and circumstances of the instant offense, would provide the Court with justification for varying below the advisory Guidelines range and imposing a sentence of twelve months and one day. Such a sentence would be sufficient, but not greater than necessary, to achieve the goals and purposes of sentencing set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


/s/ Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew_Belcher@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2019, I electronically filed the foregoing ***Defendant's Request for a Variant Sentence*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Kelly R. Winslow, Assistant U.S. Attorney
Email:  kelly.winslow@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Juan Jose Solis-Hinojosa
via mail

/s/ Cecilia Hernandez
Cecilia Hernandez, Legal Assistant
Office of the Federal Public Defender